REQUESTED BY: Senator John W. DeCamp Member of the Legislature Room 1116, State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have submitted to us a revised amendment to LB 816, in an attempt to answer some of the questions we raised in our Opinion No. 230 about the interpretation of your previous proposed amendment. You ask for an immediate response as to whether this meets constitutional requirements of clarity which precludes our giving it the careful study we might like.
Your amendment would make Sections 1 to 5 and 11 of the bill operative only if the Nebraska Supreme Court rules that Neb.Rev.Stat. §§ 77-3611 to 77-3615 are unconstitutional. Sections 3, 4, and 5 of the bill amend Neb.Rev.Stat. § 77-27,136,77-27,137, and 77-27,137.01 (Supp. 1980), respectively, and Section 11 repeals the original sections. Under your amendment it is not just the distribution of funds pursuant to Sections 1 to 5 of the bill that would be held in abeyance, but the enactment of the new sections (Sections 1 and 2) and the amendment of existing sections of the statutes. Therefore, the original sections would continue in force until the action of the Supreme Court holding Neb.Rev.Stat. §§ 77-3611 to 77-3615 unconstitutional, and the old sections would be amended, and Sections 1 and 2 of LB 816 would become operative on the date of the finality of the Supreme Court's opinion.
Making the enactment of new sections, and the amendment of old sections, of the statutes contingent upon some event, such as a decision of a court, is certainly a very unusual procedure, if not unprecedented. It is a change from the proposal we considered in our Opinion No. 230, which dealt only with distributions under Sections 1 to 5 of the bill. While we have had no opportunity to research the matter, and, in any event, are unlikely to find any clear precedent, we have serious doubts as to the propriety of such a provision.
Making the operation of application of a statute contingent upon a future ascertainable event, could, in our opinion, be sustained, as we indicated in our Opinion No. 230. Making the enactment of the statute, or the amendment of old sections of the statutes, contingent upon a future event is another matter. While we cannot, in the time frame you have specified for an answer to your letter, reach any definite conclusion about such a provision, we are not prepared at this time to undertake to defend it. This may be one step too far for the court, which may hold this amendment to be an unconstitutional delegation of legislative powers.
Your amendment would make the operative date of Sections 1 to 5 and 11 of the bill `the date the Clerk of the Supreme Court certifies that the Nebraska Supreme Court's decision has become final.' There is no such date. The Clerk of the Supreme Court does not certify as to the finality of the court's decisions. The normal practice of the clerk is to issue the mandate the day after the expiration of the time for filing a motion for rehearing. Even after that, however, the rules provide that the mandate can be recalled up to the time the district court takes action on the mandate. While recalling the mandate would be unusual, we suppose that, as a theoretical proposition, the decision would not be absolutely final until the district court had entered an order based on the mandate. You should clarify what date you intend to use, because the date of certification of finality by the clerk is not satisfactory.
Your amendment would delay, and make contingent, the operative dates of only Sections 1 to 5 and 11 of the bill. However, Section 12 of the bill, under your amendment, would repeal Neb.Rev.Stat. §§ 77-3612 and 77-3613 outright on the effective date of the bill. Yet, if Neb.Rev.Stat. § 77-3611
to 77-3613 are held constitutional, you propose to distribute money pursuant to these repealed sections. There appears to be some confusion here, which should be cleared up.
Your new amendments have answered some of the questions we raised in our former opinion. It makes clear that, if the court holds them constitutional, $82,600,000, instead of $70,000,000, would be distributed under Neb.Rev.Stat. § 77-3611
to 77-3615, which was previously uncertain. It also provides that no distribution would be made under either formula until the Supreme Court rules, which clears up other uncertainties we pointed out.
As we said in the last paragraph of Opinion No. 230, there may be other areas of uncertainty which we have not detected, which may come up when the bill, as you propose to amend it, is implemented. This is a complex arrangement, and we are not certain we have considered all of its ramifications. Before reaching a final conclusion on the question, we would want to sit down with the officials charged with implementing the bill, and make sure there were no unanswered questions. We have not had time to do so.
We seriously question the propriety of making the amendment of sections of the statutes, and the enactment of new statutes, contingent upon the decision of the court. The date for determining the finality of the court's decision is not sufficiently specific. The repeal of Neb.Rev.Stat. §§ 77-3612 and 77-3613 by Section 12 of the bill seems to destroy the whole scheme of your amendment.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General